LLOYD A. GIBBS, Plaintiff, *v.* CLARENCE BALDWIN et al.

Supreme Court, Special Term, Suffolk County, November 30, 1966.

*Levy & Rubenstein* for plaintiff.

JACK STANISLAW, J. Relying on CPLR 308 (subd. 4) plaintiff asks, by order to show cause, for an order directing the manner of service upon the defendant Baldwin.

A variety of methods has been utilized in an attempt to obtain jurisdiction here. Registered mail addressed to Baldwin at the address given by him at the scene of the accident has been returned; he was apparently uninsured at the time of the accident, according to his last-known insurer and information obtained from the State (New Jersey) of Baldwin's residence (as given by him); a local New Jersey Sheriff could not serve him at that same address because he had moved to an unknown address. For all these same reasons service cannot be completed through the New York Secretary of State, pursuant to section 253 of the Vehicle and Traffic Law, although the initial aspects of that procedure have been completed.

We have the capability to direct a method of service in this situation, but cannot wholeheartedly embrace plaintiff's suggestion that it be by a mailing to the defendant at the very address where we can be sure of only one thing: that Baldwin does not live there any more. At the very least, any method of service to be conjured up and applied here must have as its justification something more than a hopeless possibility of actual notice. Therefore, we will direct that Baldwin be served by plaintiff causing publication of a copy of the summons and the order herein in a newspaper of circulation in the general vicinity of that last address of Baldwin's, the paper to be specified in the order submitted. Ten days after the filing of proof of that publication once a week for three weeks, service will be deemed complete (see *Sellars* v. *Raye,* 25 A D 2d 757).